

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. F. Lindsey
Assistant County Attorney
Jones County
Anson, Texas

Dear Sir:

Opinion No. 0-6083
Re: Under the provisions of
Article 7165, Revised Civil
Statutes, should dividends
of a National Bank, that
are paid to the stockholders
at the end of a year, be
assessed for taxes the fol-
lowing year as personal prop-
erty?

You submit for the opinion of this department the ques-
tion contained in your letter of June 23, reading as follows:

"Will you please furnish your opinion or any copies
of opinions heretofore rendered touching the interpre-
tation of Article 7165, Revised Civil Statutes of Texas?

"The question is this: Under Art. 7165, R. C. S.,
a National Banks' financial statement at the close of
business on December 31, shows unpaid dividends in the sum
of $12,500.00. Before the bank opens for business on
January 1st, these dividends have been paid out to the
stock holders. Should this $12,500.00 be assessed for
taxes for the year beginning January 1st, as personal
property?"

The question presented is whether the $12,500.00 reflect-
ed in the financial statement of the bank as of December 31, as
unpaid dividends constitutes personal property to be accounted for
by the bank under the provisions of Article 7165, R. C. S. or
whether or not as of January 1, these dividends had been paid to
the stockholders, and hence constituted personal property in the
hands of the stockholders. Article 7165, R.C.S. reads as follows:

"Every bank, whether of issue or deposit, banker,
broker, dealer in exchange, or stock jobber, shall at
the time fixed by this chapter for listing personal
property, make out and furnish the assessor of taxes
a sworn statement showing:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. F. Lindsey, Page 2

"1.  If a national bank, the president or some other officer of such bank shall furnish to the assessor of the county in which such bank is located a list of the names of all the shareholders of the stock, together with the number and amount of the shares of each stockholder of stock in said bank; and the shareholders of the stock in national banks shall render to the tax assessor of the county in which said bank is located the number of their shares and the true and full value thereof.  All shares of stock in national banks not rendered to the assessor of taxes in the county where such bank is located within the time prescribed by law for listing property for taxes shall be assessed by the assessor against the owner or owners thereof as unrendered property is assessed; but the tax roll shall show the name of the owner or owners thereof as per statement furnished by the president or other officers of said bank.

"2.  National banks shall render all other bonds and stock of every kind, except United States bonds, and all shares of capital stocks or joint stock or stocks of other companies or corporations held as an investment or in any way representing assets, together with all other personal property belonging or pertaining to said bank, except such personal property as is specially exempted from taxation by the laws of the United States.

"3.  National banks shall be required to render all of their real estate as other real estate is rendered; and all the personal property of said national banks herein taxed shall be valued as other personal property is valued.

"4.  All other banks, bankers, brokers, or dealers in exchange, or stock jobbers shall render their list in the following manner:

"(1) The amount of money on hand or in transit or in the hands of other banks, bankers, brokers or others subject to draft, whether the same be in or out of the State.

"(2) The amount of bills receivable, discounted or purchased and other credits due or to become due, including accounts receivable, interest accrued but not due, and interest due and unpaid.

"(3) From the aggregate amount of the items named in the first and second of the last two subdivisions shall be deducted the amount of money on deposit.

"(4) The amount of bonds and stocks of every kind, except United States bonds, and all shares of capital stocks or joint stocks of other companies or corporations held as an investment or in any way representing assets.

"(5) All other property belonging or appertaining to said bank or business, including both personal property and real estate, shall be listed as other personal property and real estate."

It is observed that the first three subdivisions of said article apply exclusively to national banks. Subdivision No. 4 applies to "all other banks". Article 7166, R. C. S., 1925, is applicable to every banking corporation, State or National, and provides for the rendition of real estate owned by the banks, and for the manner of assessment of real estate of the bank, and of the shares of stock owned by its stockholders in the following language:

"Every banking corporation, State or national doing business in this State shall, in the city or town in which it is located, render its real estate to the tax assessor at the time and in the manner required of individuals. At the time of making such rendition the president or some other officer of said bank shall file with said assessor a sworn statement showing the number and amount of the shares of said bank, the name and residence of each shareholder, and the number and amount of shares owned by him. Every shareholder of said bank shall, in the city or town where said bank is located, render at their actual value to the tax assessor all shares owned by him in such bank; and in case of his failure so to do, the assessor shall assess such unrendered shares as other unrendered property. Each share in such bank shall be taxed only for the difference between its actual cash value and the proportionate amount per share at which its real estate is assessed. The taxes due upon the shares of banking corporations shall be a lien thereon, and no banking corporation shall pay any dividend to any shareholder who is in default in the payment of taxes due on his shares; nor shall any banking corporation permit the transfer upon its books of any share, the owner of which is in default in the payment of his taxes upon the same. Nothing herein shall

Honorable J. F. Lindsey, Page 4

be so construed as to tax national or State banks, or the shareholders thereof, at a greater rate than is assessed against other moneyed capital in the hands of individuals."

Under the two foregoing articles, namely, 7165, 7166, supra, it is observed that real property of a bank is taxed against the bank, while the personal property is taxed against the shareholders. City of Marshall v. State Bank of Marshall, 127 S. W. 1083 (error refused), 6 Tex. Jur. 346, et seq.

We are constrained to the view, under the facts submitted by you, that the $12,500.00 reflected in the bank's statement as dividends, is personal property taxable to the individual shareholders, regardless of whether or not it had actually been paid out on January 1 to the shareholders as dividends, for the reason that it had been set aside by the bank for the purpose of paying the dividends and no longer constituted an asset of the bank. If it had actually been paid to the stockholders, as your letter indicates, it would be treated for the purpose of taxation if in the hands of the shareholders on January 1, as any other cash assessed by the shareholders. If it had not been actually received by the shareholders, it constituted a credit in favor of the shareholders and a debit against the surplus or undivided profits of the bank. If the dividends had passed into the hands of the stockholders on January 1, such dividends had been reduced to ownership and possession in the hands of the shareholders, and since in any event it had been set aside by the bank, presumably against surplus or undivided profits out of which it could be legally paid, and constituted a taxable asset in the hands of the stockholders.

You are therefore respectfully advised that it is our opinion that this item of dividends in the sum of $12,500.00 is not to be taken into account by the bank as of January 1 in rendering its statement to the assessor for the purpose of assessment as provided in the two foregoing articles, but that it merely constitutes an asset to be rendered by the individual stockholders in his assessments, if in fact it was on hand as of January 1, either as a credit in his favor in the bank, or by having actually been received by such stockholder and in his hands on January 1.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

L. P. Loller
Assistant

LPL:mg

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN